# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BakeMark USA LLC, | No. CV-23-02674-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn Pastis, et al., | |
| Defendants. | |

Pending before the Court is Defendant's second Motion to Dismiss (Doc. 40). Plaintiff filed a response (Doc. 41). Defendant's Motion is deficient under the Local Rules. The Court will therefore strike the Motion.

While the Court must construe pro se pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). First, Defendant again failed to comply with Local Rule 12.1(c). As previously explained to the parties (Doc. 34), this rule provides that "[a] motion that does not contain the required certification may be stricken summarily." LRCiv 12.1(c).

Defendant knew that she was required to confer with Plaintiff in accordance with this rule, as this was the case with her first motion to dismiss. Before proceeding with that motion, Defendant initially requested to confer, but then filed the motion without conferring with opposing counsel or including the required certification. (Doc. 34.) The Court struck that motion for violation of Local Rule 12.1(c). (*Id.*) In its Order, the Court explained the rule's requirements. (*Id.*) Despite this, Defendant repeated her initial error

by filing the current Motion without this required certification. (Doc. 40.)

Second, Plaintiff failed to comply with Local Rule 7.2(b). This rule requires a motion by a moving party to set forth "the points and authorities relied upon in support of the motion." LRCiv. 7.2(b). Here, Defendant has cited no case law. (*See* Doc. 40.) She does not point the Court to any legal authority to support her argument for dismissal. (*Id.*) Rather, the Motion merely repeats her allegations against Plaintiff and asserts that she has filed complaints to federal agencies. (*Id.*) These allegations, unsupported by any authority, do not constitute grounds for dismissal. In the same vein, Defendant attaches various exhibits to her Motion, but fails to explain what these exhibits are or how they support her argument. (*See id.*) For these reasons, the Motion also fails.

Lastly, in its previous Order, the Court ordered that Defendant file an Answer to the Complaint by no later than March 1, 2024. (Doc. 34.) As of the current date, an Answer has not been filed. The Court will require Defendant to file an Answer by May 30, 2024. If the Court does not receive an Answer by this date, this case will be subject to default. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

Accordingly,

**IT IS HEREBY ORDERED** striking Defendant's second Motion to Dismiss (Doc. 40).

**IT IS FURTHER ORDERED** that Defendant must file an Answer to the Complaint by no later than May 30, 2024.

Dated this 20th day of May, 2024.

Honorable Susan M. Brnovich
United States District Judge