IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BakeMark USA LLC, | No. CV-23-02674-PHX-SMB |
| Plaintiff, | **FINAL JUDGMENT AND PERMANENT INJUNCTION** |
| v. | |
| Carolyn Pastis, et al., | |
| Defendants. | |

Before the Court is the Parties' Stipulation for Entry of Judgment (Doc. 62). Plaintiff, BAKEMARK USA, LLC, has filed a Verified Complaint for Injunctive Relief in this matter against the Defendant, Carolyn "Romy" Defendant Pastis.

Defendant Pastis, without admitting the allegations in the Complaint, in settlement of all claims asserted against her by Plaintiff, consents to entry of this Final Judgment of Permanent Injunction.

Defendant Pastis waives the entry of findings of fact and conclusions of law under Rule 52 of the Federal Rules of Civil Procedure. Defendant Pastis consents to entry of this Final Judgment & Permanent Injunction voluntarily and waives any right she may have to appeal from the Final Judgment & Permanent Injunction.

Defendant Pastis consents to entry of this Final Judgment of Permanent Injunction without further notice and agrees that this Court shall retain jurisdiction for the purpose of implementing and enforcing this Final Judgment & Permanent Injunction.

Therefore, and pursuant to the Parties' Stipulation for Entry of Judgment (Doc.

1  62),

2  **IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED** that:

3  The Court finds that Defendant Pastis has consented to the entry of judgment for
4  injunctive relief to prevent her from engaging in conduct described herein, which
5  includes publishing any information about Bakemark's customers, customer contracts,
6  investors, or any other confidential business information.

7  **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant
8  Pastis, individually or through any other entity, and anyone acting in concert with her, is
9  permanently enjoined and restrained from, directly or indirectly, by the use of any means
10  or instrumentalities:

11  a.  Publishing any and all BakeMark information about its customers,
12  customer contracts, investors or any other confidential business information;

13  b.  Allowing to remain published on social media any materials making
14  statements, accusations, allegations, or implications that BakeMark sells contaminated or
15  adulterated food (the "Defamatory Words") published before the issuance of this order;

16  c.  Re-publishing or publishing anew the Defamatory Words;

17  d.  Contacting any individual, business, enterprise or other such entity
18  that Defendant knows or suspects is affiliated with or has a relationship with BakeMark,
19  commercial or otherwise, in order to attempt to abrogate, cancel, terminate, or otherwise
20  alter its relationship with BakeMark, to BakeMark's detriment, except in connection with
21  legitimate commercial activity, such as, but not limited to, attempting to make sales to
22  that customer on the behalf of a competitor to BakeMark, as may be permitted by any
23  applicable agreements between Defendant and BakeMark; and,

24  e.  Conspiring with, aiding, assisting or abetting any other person or
25  business entity in engaging in or performing any of the activities referred to in
26  subparagraphs (a) through (b) above.

27  **IT IS FURTHER ORDERED, ADJUDGED AND DECREED**, consistent with
28  paragraph (5) above, Defendant Pastis is ordered to permanently remove from display to

1  the extent possible, any of her publications containing the Defamatory Words, including
2  on all internet web pages.
3        **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court
4  shall retain jurisdiction of this action for the purpose of implementing and enforcing this
5  Final Judgment.
6        There being no just reason for delay, the Clerk is directed to enter this Final
7  Judgment forthwith.
8        Dated this 10th day of March, 2025.

Honorable Susan M. Brnovich
United States District Judge